Jones v Marshalls (2026 NY Slip Op 00087)

Jones v Marshalls

2026 NY Slip Op 00087

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Manzanet-Daniels, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rosado, Michael, Hagler, JJ. 

Index No. 24115/19|Appeal No. 5571|Case No. 2024-06590|

[*1]Christopher Jones, Appellant,
vMarshalls, et al., Respondents.

The Law Offices of Michel S. Lamonsoff, PLLC, New York (Brendan O'Meara of counsel), for appellant.
Kenney Shelton Liptak Nowak LLP, White Plains (Deborah A. Summers of counsel), for respondents.

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered September 30, 2024, which granted the motion of defendants Marshalls, Marshalls of MA, Inc., The TJX Companies, Inc. (collectively, Marshalls), and USM, Inc. for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to deny Marshalls' motion, and otherwise affirmed, without costs.
The court properly granted the summary judgment motion to the extent of dismissing the complaint as against USM, based on unrefuted evidence that defendant JK Maintenance & Services Inc. was an independent contractor hired by USM to provide cleaning services to Marshalls. The general rule is that a party who retains an independent contractor is not liable for that contractor's negligent acts (see Kleeman v Rheingold, 81 NY2d 270, 273 [1993]). The record establishes that neither USM nor Marshalls exercised control over how JK performed its cleaning tasks at the Marshalls store where plaintiff was injured, and that USM was not even present at the location at the time of the accident. None of the exceptions described in Kleeman (id. at 274) are applicable as to USM. Moreover, USM's allegedly passive omissions with respect to its contractor do not constitute the launch of a force or instrument of harm so as to render USM liable to plaintiff (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]).
However, the court should not have granted summary judgment dismissing the complaint as against Marshalls, which had a nondelegable duty to maintain the public area of its store in a reasonably safe condition. Therefore, Marshalls can be held vicariously liable for any negligence on the part of the subcontractor that caused the floor to become unsafe (see Tobola v 123 Washington, LLC, 195 AD3d 456, 457 [1st Dept 2021]). In light of the foregoing, we find it unnecessary to consider whether Marshalls established lack of notice of the hazardous condition.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026